# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1477V
Filed: February 1, 2019
UNPUBLISHED

| | |
|---|---|
| KATHLEEN MOSLEY,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barré Syndrome (GBS) |

*DeeAnn Lee German, Burch, George & German, Oklahoma City, OK, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 10, 2017, Kathleen Mosley ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 10, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 28, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation. On February 1, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $145,108.90

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

($145,000.00 for pain and suffering, and $108.90 for unreimbursed medical expenses) and $2,601.38 to satisfy the State of Oklahoma Medicaid lien. Proffer at 2. In the Proffer, respondent represents that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer. *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

A. A lump sum of **$145,108.90** ($145,000.00 for pain and suffering, and $108.90 for unreimbursed medical expenses) payable to petitioner; and

B. A lump sum of **$2,601.38**, to satisfy the State of Oklahoma Medicaid lien, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oklahoma may have against any individual as a result of any Medicaid payments that the State of Oklahoma has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 10, 2015, under Title XIX of the Social Security Act. Reimbursement of the State of Oklahoma Medicaid lien shall be payable jointly to petitioner and to:

> **Oklahoma Health Care Authority**
> **Third Party Liability Unit**
> **4345 N. Lincoln Blvd.**
> **Oklahoma City, Oklahoma 73105**
> **OKHCA Case # 785399**

Petitioner agrees to endorse this payment to the Oklahoma Health Care Authority. These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                )
KATHLEEN MOSLEY,                  )
                                                )
      Petitioner,                       )    No. 17-1477V    ECF
                                                )
      v.                                      )    Chief Special Master Dorsey
                                                )
SECRETARY OF HEALTH           )
AND HUMAN SERVICES,          )
                                                )
      Respondent.                     )
_____)

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.     Procedural History**

On October 10, 2017, Kathleen Mosley ("petitioner") filed a petition seeking compensation ("Petition" or "Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Vaccine Act" or "Act"), for an injury petitioner allegedly sustained as a result of an influenza ("flu") vaccination administered on October 10, 2015.  Petition at 1-2.  Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS"), which is an injury listed on the Vaccine Injury Table ("Table") for the flu vaccine.  Id.

On August 28, 2018, respondent filed his Vaccine Rule 4(c) report, conceding that petitioner's alleged injury meets the Table criteria for GBS after a flu vaccination.  On August 28, 2018, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for GBS.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## II. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

A. A lump sum of **$145,108.90** ($145,000.00 for pain and suffering, and $108.90 for unreimbursed medical expenses) payable to petitioner; and

B. A lump sum of **$2,601.38**, to satisfy the State of Oklahoma Medicaid lien, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oklahoma may have against any individual as a result of any Medicaid payments that the State of Oklahoma has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 10, 2015, under Title XIX of the Social Security Act. Reimbursement of the State of Oklahoma Medicaid lien shall be payable jointly to petitioner and to:

>Oklahoma Health Care Authority
>Third Party Liability Unit
>4345 N. Lincoln Blvd.
>Oklahoma City, Oklahoma 73105
>OKHCA Case # 785399

Petitioner agrees to endorse this payment to the Oklahoma Health Care Authority.

These amounts represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$145,108.90**, in the form of a check payable to petitioner, and a lump sum payment of **$2,601.38**, in the form of a check payable to petitioner and the Oklahoma Health Care Authority.[2] Petitioner agrees.

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

                        Respectfully submitted,

                        JOSEPH H. HUNT
                        Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Acting Director
                        Torts Branch, Civil Division

                        CATHARINE E. REEVES
                        Deputy Director
                        Torts Branch, Civil Division

                        HEATHER L. PEARLMAN
                        Assistant Director
                        Torts Branch, Civil Division

                        */s/Darryl R. Wishard*
                        DARRYL R. WISHARD
                        Senior Trial Attorney
                        Torts Branch, Civil Division
                        U. S. Department of Justice
                        P.O. Box l46, Benjamin Franklin Station
                        Washington, D.C.  20044-0146
                        Direct dial: (202) 616-4357
Dated:  February 1, 2019         Fax: (202) 616-4310