# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1477V
Filed: May 8, 2019
UNPUBLISHED

|  |  |
|---|---|
| KATHLEEN MOSLEY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Dee Ann Lee Germany, Burch, George & Germany, Oklahoma City, OK, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 10, 2017, Kathleen Mosley ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 10, 2015. Petition at 1. On February 1, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 35.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 3, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 40. Petitioner requests attorneys' fees in the amount of $35,950.00 and attorneys' costs in the amount of $3,667.27. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $39,617.27.

On April 4, 2019, respondent filed a response to petitioner's motion. ECF No. 41. Respondent argues that "[a]n objection to a fee application is not required for the special master to reduce a fee award or deny an award altogether." *Id. at 2.* Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I.     **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**II.     Attorney Fees**

   A.  Hourly Rates

Petitioner requests compensation for attorney Dee Ann Lee Germany at the hourly rate of $500 for all time billed in this case.  The undersigned finds the requested rate excessive based on Ms. Germany's overall legal experience, the quality of work performed, and her lack of experience in the Vaccine Program.  *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Attorney rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

Ms. Germany has been a licensed attorney in Oklahoma since 1999.  ECF No. 40-4 at 1.  This places her in the range of attorneys with 11 -19 years experience for time billed from 2016 - 2018 and in the range of attorneys with 20 - 30 years experience for time billed in 2019.  Given Ms. Germany's inexperience in the Vaccine Program, a reduction of her requested rate is deemed appropriate.[3]  *See McCulloch*.  Ms. Germany's rate is based what she states is "reasonable and customary" for a litigation attorney in Oklahoma City with her experience.  ECF No. 40 at 6.  Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Ms. Germany's requested hourly rate is reduced to the following:

- $350 per hour for work performed in 2016,
- $365 per hour for work performed in 2017,
- $380 per hour for work performed in 2018, and
- $395 per hour for work performed in 2019.

This results in a reduction of reduction of attorneys' fees requested in the amount of **$9,124.50**.[4]

---

[3] This was Ms. Germany's first case in the Vaccine Program. Currently she has no additional cases pending.

[4] This amount consists of ($500 - $350 = $150 x 14 hrs = $2,100) + ($500 - $365 = $135 x 18.2 hrs = $2,457) + ($500 - $380 = $120 x 28.7 hrs = $3,444) + ($500 - $395 = $105 x 10.7 hrs = $1,123.50) = $9,124.50.

### B. Paralegal Tasks

Upon review of the billing records submitted, several tasks are billed at an attorney rate for tasks considered paralegal work. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples[5] of these entries include:

- October 16, 2017 (6.50 hrs) "Review, organize, Bates Stamp additional medical records from Dr. Ambaw; Heritage Park Dialysis and Walgreens (4,832 pages of records) (Exhibits 10 – 13)";
- October 19, 2017 (1.20 hrs) "Prepare Statement of Completion; Notice of Filing; Exhibit List and Exhibits (Exhibits 10-13)";
- January 5, 2018 (4.50 hrs) "Review, organize, and Bates Stamp additional medical records from St. Anthony Hospital";
- June 19, 2018 (0.70 hrs) "Receive and review missing Advocate Home Health Records organize, scan and Bates stamp Advocate Home Health Records".

ECF No. 40 – 3 at 1-2.

The undersigned reduces the hourly rate on the entries that are considered paralegal to $135.00 per hour. This reduces the request for attorneys' fees in the amount of **$3,657.50**.[6]

### C. Non-Compensable Entries

Ms. Germany also billed a total of 4.7 hours for time spent on tasks which are not reimbursable. These tasks include time spent obtaining bar membership and researching the Vaccine Program. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of*

---

[5] These are merely examples and not an exhaustive list.

[6] This amount consists of the already reduced hourly rate of ($365 - $135 = $230 x 7.7 hours = $1,771) and ($380 - $135 = $245 x 7.7 hrs = $1,886.50) = $3,657.50.

4

*Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). The undersigned reduces the fee request by **$2,632.50**[7].

### III. Attorney Costs

The undersigned has also reviewed the costs submitted with petitioner's request and finds a reduction in the amount of costs requested to be appropriate. Ms. Germany seeks reimbursement of $301.00 in costs associated with her admission to the Federal Claims Bar Association, which is non-compensable as discussed above. ECF No. 40-1 at 1. *See Velting v. Sec'y of Health & Human Servs.,* 1996 WL 937626, at *2, 4, (Fed. Cl. Spec. Mstr. September 24, 1996). The undersigned reduces the request for attorney costs by **$301.00**.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $35,950.00 |
| Less reduction for Hourly Rate: | - 9,124.50 |
| Less reduction for Paralegal Rates: | - 3,657.50 |
| Less entries considered non-compensable: | - 2,632.50 |
| **Adjusted Fees Total:** | **$20,535.50** |
| Requested attorney costs: | $3,667.27 |
| Reductions | - 301.00 |
| **Adjusted Costs Total:** | **$3,366.27** |
| **Total Attorneys' Fees and Costs Awarded:** | **$23,901.77** |

**Accordingly, the undersigned awards the total of $23,901.77**[8] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel DeeAnn Lee Germany.**

---

[7] This amount consists of the already reduced hourly rates of ($365 x 7 hrs = $2,450.00) + ($365 x 0.50 hrs = $365) = $2,632.50.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.